IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CV-23-FL

| | |
|---|---|
| DALLIE CHERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| PERDUE FARMS, INCORPORATED; ) | |
| and STACY MILLS, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motion to dismiss (DE # 15) and plaintiff's motion for leave to amend (DE # 18). These motions have been fully briefed, and the issues raised now are ripe for adjudication. For the reasons that follow, these motions are each granted in part and denied in part. The claims in plaintiff's original complaint are dismissed, but plaintiff is allowed leave to amend her complaint to proceed with her cause of action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.

## BACKGROUND

Plaintiff is an employee of defendant Perdue Farms, Incorporated ("Perdue"), a Maryland corporation doing business in North Carolina. Defendant Stacy Mills ("Mills") is likewise an employee of Perdue. This action arises out of the investigation of a third party's age discrimination charge against Perdue. Plaintiff alleges that she was interviewed by Mills as part of this investigation on May 23, 2007, and that she informed Mills during that interview that she believe Perdue's production department often turned down job applicants due to age discrimination. Plaintiff alleges

that she was retaliated against for telling Mills, and later investigators from the Equal Employment Opportunity Commission ("EEOC"), about this belief.

On April 29, 2009, plaintiff filed a charge of retaliation with the EEOC. She received her right-to-sue notice on or about February 25, 2010, advising her of her right to initiate suit under ADEA. On May 22, 2010, plaintiff initiated this action, naming Mills and Perdue as defendants. The complaint, however, does not reference ADEA, instead citing Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and North Carolina's Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. §§ 143-422.1 et seq. The complaint also alleges common law claims for intentional infliction of emotional distress and negligent infliction of emotional distress.

On October 22, 2010, defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded in opposition on November 15, 2010, and contemporaneously with her response filed a motion for leave to amend her complaint. On November 29, 2010, defendants filed a response in opposition to the motion to amend, and a separate reply to plaintiff's opposition to the motion to dismiss.

## DISCUSSION

A.   Standards of Review

Rule 15 allows a plaintiff to amend her complaint once as a matter of course within twenty-one (21) days after service of a responsive pleading or a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, the plaintiff may amend her complaint only by leave of the court or by written consent of the defendant, although leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities.

2

See Laber v. Harvey, 438 F.3d 404, 425 (4th Cir. 2006) (en banc). As such, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Id. at 426-47 (citation omitted). An amendment is futile if it cannot withstand a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir.1995).

Rule 12(b)(6) allows a defendant to challenge the sufficiency of the allegations in the complaint. A motion to dismiss under this rule determines only whether a claim is stated on the facts alleged; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Nor does the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

B.  Analysis

In their motion to dismiss, defendants contend that plaintiff did not exhaust her administrative remedies under Title VII, that her NCEEPA claim fails as a matter of law in that her employment has not been terminated, and that her state common law claims fail to allege the

requisite conduct or injury necessary to obtain relief. In asking for leave to amend her complaint, plaintiff concedes that her claims under Title VII and NCEEPA should be dismissed, but asserts that she instead wishes to proceed pursuant to ADEA. Defendants ask the court to deny plaintiff leave to add the ADEA claim on grounds of futility, arguing that the claim is untimely because the proposed amendment will occur outside the statutory 90-day limitations period.

1. Title VII and NCEEPA

The parties are in agreement that plaintiff has failed to properly bring either a Title VII claim or a NCEEPA claim before this court. Plaintiff's charge with the EEOC, and thus her cause of action, did not arise under Title VII. Cf. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."). The NCEEPA does not provide her with a private cause of action, and in any event has been applied only in the context of wrongful discharge. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). Plaintiff's complaint specifically alleges that she remains employed at Perdue. Where defendant's motion to dismiss these claims is well founded and plaintiff does not oppose dismissal, the motion to dismiss as to these claims is GRANTED.

2. Proposed ADEA Claim

Plaintiff seeks to substitute a claim under ADEA for the Title VII and NCEEPA claims that she concedes must be dismissed. Plaintiff asserts that her citations to Title VII and the NCEEPA were inadvertent errors, and that amending the complaint to add an ADEA claim will not prejudice defendants where they had notice that plaintiff sought to bring an ADEA claim based on the allegations in the complaint and the right-to-sue notice which explicitly mention that statute.

4

Defendant contests the assertion that the statutory references were inadvertent. Defendant suggests that plaintiff's ADEA claim is not timely under 29 U.S.C. § 626(e) absent equitable tolling, and that equitable tolling is not appropriate in this case.

Implicit in defendants' argument that plaintiff's ADEA complaint is untimely is an assumption that the relevant date under § 626(e) is the date of the amendment rather than the date of the original complaint. However, under Rule 15, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). A claim arises out of the same "conduct, transaction, or occurrence" if there exists "a common 'core of operative facts' uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 659 (2005).

Rule 15 "freely permit[s] amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served," Goodman v. Praxair, Inc., 494 F.3d 458, 468 (4th Cir. 2007) (en banc), on the rationale that "a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide," Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 n.3 (1984) (per curiam). The provision in ADEA that "[a] civil action may be brought under this [act] . . . within 90 days after the date of the receipt of [the EEOC's right-to-sue] notice," see 28 U.S.C. § 626(e), is akin to a non-jurisdictional statute of limitations subject to the relation-back doctrine of Rule 15. See Hamilton v. 1st Source Bank, 895 F.2d 159, 165 (4th Cir. 1990).[1] Accordingly, the filing date of

---

[1] Hamilton dealt with a prior version of ADEA which provided for the same statute of limitations as the Portal-to-Portal Pay Act, 29 U.S.C. § 255(a). See 895 F.2d at 165. Although the Fourth Circuit has never explicitly held that
(continued...)

5

plaintiff's proposed ADEA claim relates back to the date of filing of the original pleading if there exists "a common core of operative facts" between the ADEA claim and the original complaint.

The operative facts buttressing plaintiff's ADEA claim and those relevant to the erroneous Title VII claim for which it is to substitute are, for all purposes relevant here, identical. Both claims allege civil rights actions for retaliatory employment discrimination arising out of plaintiff's participation in the investigation of an age discrimination claim. Indeed, seventy-four (74) of the seventy-five (75) paragraphs in the "statement of facts" section of the proposed amended complaint are identical to those found in the same "statement of facts" section of the original complaint.

Moreover, the EEOC charge number relevant to plaintiff's ADEA claim is given in both the proposed amended complaint and the original complaint, and plaintiff's receipt of the EEOC right-to-sue notice is likewise alleged in both filings. Although plaintiff did not attach the right-to-sue notice to her original complaint, the copy attached by defendants to their motion to dismiss indicates that a copy was sent by the EEOC to Mills in her role as Associate Counsel for Perdue. A box is checked on that notice indicating that plaintiff's cause of action lies under ADEA.

In short, the original complaint put defendants on notice of the factual predicates which underlie plaintiff's proposed ADEA claim. That claim arises out of the same conduct, transaction, or occurrence which formed the basis for the admittedly erroneous Title VII claim in that the same

---

[1](...continued)
the current version of § 626(e) acts as a statute of limitations, a number of other courts have. See, e.g., Prince v. Stewart, 580 F.3d 571, 574-75 (7th Cir. 2009); Cortez v. Wal-Mart Stores, Inc., 460 F.3d 1268, 1276 (10th Cir. 2006); McCray v. Corry Mfg. Co., 61 F.3d 224, 227 (3d Cir. 1995); see also Roberts v. Genesis Healthcare Corp., No. WDQ-06-2305, 2007 WL 5681609 at *2 (D. Md. Apr. 23, 2007). Moreover, the Fourth Circuit has construed Title VII's nearly identical ninety-day provision as a statute of limitations subject to equitable tolling, see Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir.1993); see also Baldwin Cnty., 466 U.S. at 150-52, and it has interpreted other timeliness requirements within ADEA to be non-jurisdictional limitations periods, see Vance v. Whirlpool Corp., 716 F.2d 1010, 1012-13 (4th Cir. 1983). Accordingly, the court holds that § 626(e)'s current ninety-day limitations period is treated as a statute of limitations period for purposes of waiver, equitable tolling, and Rule 15(c).

facts are alleged to support both claims. Accordingly, the ADEA claim is treated for statute of limitations purposes as though it were brought May 22, 2010. As defendant concedes, the ninety-day limitations period did not expire until May 26, 2010.

Where plaintiff's proposed ADEA claim is timely, her motion to amend is not futile.[2] As such, plaintiff's motion is GRANTED with respect to this claim. To the extent that defendant's motion to dismiss purports to reach plaintiff's ADEA claim, it is DENIED in relevant part.

3. Intentional Infliction of Emotional Distress

Under North Carolina law, a claim for intentional infliction of emotional distress ("IIED") has three elements: (1) extreme and outrageous conduct by defendants (2) which is intended to and does in fact cause (3) severe emotional distress. Holloway v. Wachovia Bank & Trust Co., 339 N.C. 338, 351, 452 S.E.2d 233, 240 (1994). Defendants argue that the pleadings fail to allege factual matters sufficient to establish either the first or third element of an IIED claim. Plaintiff contends that the retaliation alleged was extreme and outrageous, and that she sufficiently alleged severe emotional distress.

The first element of an IIED claim is met only by conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Foster v. Crandell, 181 N.C.

---

[2] Beyond arguing that the proposed ADEA claim is time-barred, defendants do not suggest that plaintiff's amended pleading fails to offer sufficient factual matter to plausibly state a claim for relief. Absent specific argument regarding the sufficiency of the ADEA claim, the court will deny leave to amend only if "the proposed amendment is clearly insufficient or frivolous on its face." See Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986). ADEA includes a cause of action for retaliation, see 29 U.S.C. § 623(d); Felty v. Graves-Humphreys Co., 785 F.2d 516, 522-23 (4th Cir. 1986), might in limited circumstances impose liability on individuals in addition to employers, see Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 n.1 (4th Cir. 1994); see also McNeal v. Montgomery Cnty., Md., 307 F. App'x 766, 774 n.6 (4th Cir. 2009) (per curiam), and protects against adverse employment actions beyond termination, see 29 U.S.C. § 623. Accordingly, the court does not find the proposed amended complaint to be clearly insufficient on its face.

7

App. 152, 168, 638 S.E.2d 526, 537 (internal quotation omitted), disc. rev. denied, 361 N.C. 567, 650 S.E.2d 602 (2007). At the pleading stage, whether conduct is sufficiently "extreme and outrageous" is a question of law for the court to decide. See Smith-Price v. Charter Behavioral Health Sys., 164 N.C. App. 349, 354-55, 595 S.E.2d 778, 783 (2004). "'North Carolina courts have been extremely reluctant to find actionable IIED claims in the employment context' . . . [and have only done so where] the conduct was extremely egregious, and involved sexual advances, obscene language, and inappropriate touching." Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 544-45 (E.D.N.C. 2008) (quoting Efird v. Riley, 342 F. Supp. 2d 413, 427 (M.D.N.C. 2004)); see also Thomas v. Northern Telecom, Inc., 157 F. Supp. 2d 627, 635 (M.D.N.C. 2000) ("[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to support a claim of [IIED].").

Neither the specific instances of retaliation alleged by plaintiff nor the overall pattern of retaliation rise to the level of "extreme and outrageous" conduct necessary to state a claim for IIED. Courts have found that allegations of failure to promote, retaliation, termination, sexual harassment, excessive workload, racial discrimination, and poor evaluation, and exclusion from training opportunities are not sufficiently outrageous to state an IIED claim. See, e.g., Bratcher, 545 F. Supp. 2d at 545; Efird, 342 F. Supp. 2d at 427; Thomas, 157 F. Supp. 2d at 635; Pardasani v. Rack Room Shoes Inc., 912 F. Supp. 187, 192 (M.D.N.C. 1996). Plaintiff's allegations that Mills threatened her job and her ability to provide for her family, that her co-workers and supervisors demeaned her, and that she was excluded from company events are similarly insufficient.

Because the pleadings do not raise a plausible inference of "extreme and outrageous conduct," defendants' motion to dismiss the IIED claim is GRANTED. The court need not

determine whether plaintiff has sufficiently alleged severe emotional distress in dismissing this claim, and declines to do so. To the extent plaintiff's motion to amend encompasses the IIED claim – insofar as this claim also appears in her proposed amended complaint – her motion to amend is DENIED in relevant part.

4. Negligent Infliction of Emotional Distress

A claim for negligent infliction of emotional distress ("NIED") also has three elements under North Carolina law: (1) negligent conduct by defendants (2) where it was reasonably foreseeable that such conduct would cause and did in fact cause (3) severe emotional distress. McAllister v. Ha, 347 N.C. 638, 645, 496 S.E.2d 577, 582-83 (1998). Defendants argue that plaintiff has failed to properly allege any of these three elements. In response, plaintiff argues that failure to supervise and threats of retaliation may constitute negligence, that it was foreseeable that such negligence would cause her severe emotional distress, and that she has sufficiently pleaded the existence of such distress.

The first prong of an NIED claim is met by "ordinary negligence," Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990), meaning "the failure to exercise that degree of care which a reasonable and prudent person would exercise under similar conditions," Hart v. Ivey, 332 N.C. 299, 305, 420 S.E.2d 174, 177-78 (1992). In an unpublished decision, the Fourth Circuit noted that where a complaint's "material factual allegations charge nothing but intentional acts ... they do not state a claim for [NIED]." See Mitchell v. Lydall, Inc., 16 F.3d 410, 1994 WL 38703 (4th Cir. Feb. 10, 1994) (unpublished table decision). Although that decision is not binding precedent, lower courts have relied on its persuasive reasoning in holding that intentional acts of discrimination and retaliation in the employment context will not support a claim for NIED. See, e.g., Smith v. Computer Task Group, Inc., 568 F. Supp. 2d 603, 623

9

(M.D.N.C. 2008); Bratcher, 545 F. Supp. 2d at 545-46; Sheaffer v. Cnty. of Chatham, 337 F. Supp. 2d 709, 733-34 (M.D.N.C. 2004); Barbier v. Durham Cnty. Bd. of Educ., 225 F. Supp. 2d 617, 631 (M.D.N.C. 2002); Thomas, 157 F. Supp. 2d at 637.

In her memorandum in opposition, plaintiff premises defendants' alleged negligence in the failure to supervise their employees, the failure to respond to plaintiff's complaints regarding retaliation, and the threats to place plaintiff in a different job. The final allegation is certainly framed in terms of intentional conduct, and even an allegation that plaintiff notified her superiors of the alleged retaliatory conduct and they failed to respond is insufficient for the court to leap to the conclusion that it was reasonably foreseeable to defendants that the conduct would cause her severe distress. See Bratcher, 545 F. Supp. 2d at 546. Moreover, a few conclusory allegations of negligence are insufficient to allow a claim for NIED to proceed in the wake of a number of well-pleaded factual allegations of intentional conduct. See, e.g., Springs v. Ally Fin., Inc., No. 3:10-CV-311, 2010 WL 4823242 at *2 (W.D.N.C. Nov. 19, 2010); Sheaffer, 337 F. Supp. 2d at 734; see also Smith, 568 F. Supp. 2d at 623 ("[Plaintiff's] claim [of NIED] is fundamentally at odds with his claim of retaliation, which is an intentional act and cannot form the basis of a claim sounding in negligence.") (internal quotation marks omitted).

Because plaintiff's allegations of intentional retaliation do not raise a plausible inference of negligence, defendants' motion to dismiss this claim is GRANTED. Once again, the court need not determine whether plaintiff has sufficiently alleged severe emotional distress in dismissing this claim, and declines to do so. Finally, to the extent that plaintiff's NIED claim, which also appears in the proposed amended complaint, is implicated by plaintiff's motion to amend, that motion is DENIED with respect to this claim.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss (DE # 15) and plaintiff's motion for leave to amend (DE # 18) are GRANTED in part and DENIED in part. Plaintiff's Title VII and state law claims are DISMISSED. Plaintiff's claim under the Age Discrimination in Employment Act is allowed to continue.

In accordance with the court's order of November 29, 2010, the parties now are directed to hold a conference pursuant to Rule 26(f) within thirty (30) days of date of entry of this order. Mandatory initial disclosures shall be made within fourteen (14) days after that conference. A joint report and plan conforming to the requirements of the court's initial order, found at docket entry 17, shall also be filed with the court within fourteen (14) days after the conference. Unless requested by the parties, the court will not hold a telephonic conference pursuant to Rule 16(b) in this case prior to entry of a scheduling order.

SO ORDERED, this the 27 day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

11

Case 2:10-cv-00023-FL  Document 24  Filed 12/27/10  Page 11 of 11